# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| Edward Dwight A/K/A Ed Dwight, Edward Joseph Dwight, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Third World Press Foundation, Inc. F/K/A Third World Press, Inc.,<br><br>Defendant. | Civil No. 24-cv-3104<br><br>**COMPLAINT** |

Plaintiff Edward Dwight A/K/A Ed Dwight, Edward Joseph Dwight, Jr. ("Plaintiff"), by and through his attorneys, StudioIP Law, LLC, for his Complaint against Defendant Third World Press Foundation, Inc. F/K/A Third World Press, Inc. ("Defendant"), alleges, on knowledge as to his own actions and otherwise upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking injunctive and monetary relief for Defendant's intentional infringement of Plaintiff's copyright in Plaintiff's literary work titled *SOARING ON THE WINGS OF A DREAM: The Struggles & Adventures of the "First Black Astronaut" Candidate*, ISBN 978-0-9841495-0, U.S. Copyright Case No. 1-14110708411, and U.S. Copyright Registration No. TX0009432125 (the "Book" or "Copyrighted Work").

2. Plaintiff is the creator and owner of the Registered Copyright in the above-entitled Book, which is a literary work recounting the struggles and adventures of the first Black astronaut candidate, Ed Dwight, the Plaintiff himself. Plaintiff has published, distributed, and sold copies of the Book in the United States, making it publicly available through various outlets.

3. Defendant is a book publishing company, who owns and operates the website at domain < https://thirdworldpressfoundation.org > (the "Website").

4. Defendant was given a copy of the Book when they were considered as an editor of the Book in 2009.

5. Defendant was told not to move forward with any editing of the Book.

6. Defendant is a registered third-party seller on Amazon.

7. Defendant, without permission or authorization from Plaintiff, actively copied, displayed, and distributed the Book nationwide on Amazon and to book resellers, the number of which is unknown.

8. Defendant, without permission or authorization from Plaintiff, actively copied, altered, added an unauthorized signature of Plaintiff and magazine articles about Plaintiff into the Book, and distributed the Book on Amazon and through other vendors nationwide.

9. Defendant, without permission from the Plaintiff, copied of the Book knowingly.

10. Defendant distributed the Book and the altered version of the Book to numerous independent bookstores nationwide. As a result, the Book is available in small independent bookstores across the country.

11. All of the claims asserted herein arise out of and are based on Defendant's unauthorized copying, reproduction, alteration, distribution, and display of the Copyrighted Work

without Plaintiff's consent. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq. Plaintiff also sues for false designation of origin and false endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

12. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's actual monetary damages, and Defendant's profits from Defendant's willfully infringing conduct, as well as other monetary relief.

13. Plaintiff seeks all remedies afforded under the Lanham Act including preliminary and permanent injunctive relief, Plaintiff's actual monetary damages, and Defendant's profits from Defendant's willful false designation of origin and false endorsement.

## II.  JURISDICTION

14. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1338(a) and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

15. Personal jurisdiction over Defendant is proper in this District because Defendant conducts business in Colorado and has purposefully availed itself of the rights and benefits of Colorado law by actively marketing and selling the allegedly infringing products to residents of this District. The infringing products were made available for purchase online, and Defendant fulfilled orders and made sales by shipping the accused products directly to customers within this District. *See* **Exhibit 1.** Additionally, Defendant has established "minimum contacts" with Colorado by conducting intentional commercial transactions through platforms such as Amazon, which target a worldwide market, including Colorado residents. *See* **Exhibit 1.**

3

### III.   VENUE

16.   Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this action occurred in this District.

17.   Venue is proper in this District under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this District with respect to this action.

### IV.   PARTIES

18.   Plaintiff is a citizen of the State of Colorado and resides in Denver, Colorado.

19.   Upon information and belief, Defendant is a nonprofit corporation formed under the laws of Illinois with its principal place of business located at 7822 S. Dobson Avenue, Chicago, Illinois 60619. Upon information and belief, Defendant is a publishing company.

### V.   FACTS

**A. Plaintiff's Copyright**

20.   Plaintiff is a renowned sculptor, historian, astronaut, and is the author and copyright owner of the Book.

21.   Plaintiff has invested significant time and money into creating the Book.

22.   Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") that cover the Book and other works of art by Plaintiff. A true and correct copy of the Copyrighted Work is attached hereto as **Exhibit 2**.

23.   Plaintiff's Book is an original and creative work in which Plaintiff owns protectable copyright interest.

24.   Plaintiff first produced the Book in 2008 and subsequently self-published the final version of the Book in 2009.

25. In creating the Book, Plaintiff personally drafted an autobiography, drawing upon personal experiences, life stories, and significant events. Plaintiff chose the content, structure, tone, and style of the narrative, carefully selecting which events, details, and moments to include, shaping the Book to reflect Plaintiff's unique perspective and lived experiences.

26. On September 4, 2024, the Book was registered by the USCO.

27. Plaintiff created the Book with the intention of it being sold commercially, for the purpose of display and/or public distribution.

28. Plaintiff published the Book by commercially offering it for sale, display, and/or public distribution on his own website https://www.eddwight.com. *See* **Exhibit 3.**

29. Plaintiff published the Book by commercially offering it for sale, display, and/or public distribution at Plaintiff's studio.

30. Plaintiff published the Book by commercially offering it for sale, display, and/ or public distribution through third-party sellers such as Amazon.

31. In or around 2019, Plaintiff ceased selling the Book on Amazon.

B. **Prior Relationship Between Defendant and Plaintiff**

32. In 2009, prior to Plaintiff's self-publication of the Book, Plaintiff was referred to Defendant as a potential publisher for the Book.

33. Plaintiff discussed with Defendant the possibility of selecting Defendant as the publisher for the Book.

34. A book editor employed by Defendant suggested several changes to Plaintiff's Book, including but not limited to removing the word "black" from the entire Book and proposing to alter the original text from plain English to what the editor referred to as "Ebonics."

5

35. Plaintiff firmly opposed Defendant's editorial suggestions and withdrew the Book from Defendant's control.

36. Plaintiff took control of the publishing process and published the Book independently, with the first copy sold on or about July 2009.

37. Defendant continued to maintain a copy of the original Book.

C. **Defendant's Unauthorized Copying of Plaintiff's Copyright**

38. Defendant is the registered owner and operator of the Website and is responsible for its content.

39. Defendant's Website and its postings on Amazon are key components of Defendant's commercial enterprise.

40. Defendant generates income through the Website by facilitating the sale of books, allowing users to make direct purchases through the platform.

41. Defendant also generates income through sales on Amazon.

42. Defendant displays the outside cover of the Book on the Website. *See* **Exhibit 4.**

43. Defendant is selling and distributing a slightly altered, unauthorized hardcover version of the Book on Amazon, listing the publisher as "self." This altered version bears a different ISBN number than the original Book created by Plaintiff. *See* **Exhibit 5**.

44. Defendant's unauthorized hardcover version of the Book is being sold for $54.95. *Id*.

45. Plaintiff offers the Book for sale at $49.95. Defendant is offering this altered version at a higher price. *See* **Exhibit 3**.

46. Defendant is misleading consumers into believing they are purchasing an authorized version of Plaintiff's Book.

47. Defendant is selling and distributing an altered, unauthorized paperback version of the Book on various third-party online distribution channels such as Amazon, Walmart, and Bookshop, and Goodreads falsely listing Defendant as the authorized publisher. The paperback version also bears a different ISBN number than the original Book. ***See* Exhibits 6 and 7**.

48. Defendant's unauthorized paperback version of the Book is being sold for $24.95, which is significantly lower than Plaintiff's original Book, sold for $49.95. ***See* Exhibits 3 and 6.**

49. By offering the altered paperback version at a much lower price, Defendant is misleading consumers, unfairly profiting from Plaintiff's work without authorization, creating market confusion, and diverting potential sales from Plaintiff.

50. Without any license, authorization, or consent from Plaintiff, Defendant willfully copied and/or displayed Plaintiff's copyright-protected Book on online platforms violating Plaintiff's exclusive rights under 17 U.S.C. § 106.

51. The Book is copied and displayed by Defendant without a license or permission. Defendant published, reproduced, publicly displayed, distributed, and prepared derivative works from the Book, along with other exploitations. Defendant sold or caused to be sold, published, reproduced, publicly displayed, distributed, and sold identical or derivative portions of the copyrighted Book (hereafter referred to as the "Infringement").

52. Defendant's unauthorized alterations to the Book, including but not limited to modifying the original text, adding images, and making other changes, constitute the creation of

a derivative work in violation of Plaintiff's exclusive right under 17 U.S.C. § 106(2). Plaintiff did not grant Defendant any license, permission, or authorization to modify or create a derivative version of the Book.

53. Defendant's infringement includes several unauthorized modifications to Plaintiff's original work, including the addition of photographs of Plaintiff and his family members, used without Plaintiff's consent; a forged signature, copied and replicated by Defendant from a personalized copy originally signed for an individual named "Sonya"; and a magazine article from 1963 about Plaintiff's family. *See* **Exhibit 8.**

54. Defendant's Infringement includes deliberate and willful actions falsely implying that the infringing book was endorsed and/or authored by Plaintiff. By falsely attributing the infringing book to Plaintiff, Defendant also misused Plaintiff's name, image, and reputation for commercial gain without Plaintiff's consent. This false attribution misled the public into believing the infringing book was authored by Plaintiff, damaging Plaintiff's professional reputation and goodwill.

55. Defendant's Infringement includes the use and exploitation of the exact cover of Plaintiff's original Book. The infringing book features this cover, along with a title page that includes minor modifications, and copies Plaintiff's language verbatim with a few additions. ***See*** **Exhibits 9 and 10.**

56. Defendant is intentionally exploiting Plaintiff's Book on its Website and Amazon by using Plaintiff's original cover and image to promote and sell an unauthorized version of the Book, which bears a different ISBN number. *See* **Exhibits 5 and 6.**

57. Defendant's Infringement includes false advertising on Amazon. The paperback version is wrongly marketed as self-published, misleading the public into believing they are purchasing Plaintiff's original Book, while the hardcover version lists Defendant as the publisher. *See* **Exhibits 5 and 6.**

58. Defendant's counterfeit book falsely indicates it was copyrighted in 2009 with the notice, "© 2009 by Edward Joseph Dwight Jr.," misleading consumers into believing this unauthorized version is Plaintiff's genuine creation. *See* **Exhibit 9.**

59. In or around January 2011, Plaintiff reported the Infringement to Amazon.

60. In or around January 2011, Defendant was removed and disabled as a seller of the Book on Amazon.

61. Plaintiff was inexplicably reinstated as a seller on Amazon without Plaintiff's knowledge.

62. Defendant resumed willfully selling and distributing an unauthorized adaptation of the Book.

63. Plaintiff became aware of the renewed Infringement once again in or around July 2024, when a third party brought Defendant's version of the Book to Plaintiff's attention.

64. Upon information and belief, Defendant's Infringement continued without restriction from 2011 to present.

65. Defendant continued to profit from the Infringement.

66. Upon information and belief, Defendant knew that the Book had been created and was owned by Plaintiff. Despite this knowledge, Defendant continued to use, distribute, and sell

9

the unauthorized and altered versions of the Book without securing any form of license or authorization from Plaintiff.

67. Upon information and belief, Defendant's copying and exploitation of portions of the Book is willful, and done in disregard of, and with indifference to, Plaintiff's rights.

68. Defendant knew that its actions constituted Infringement of Plaintiff's copyright or is willfully blind to the Infringement.

69. Defendant's actions were conducted for commercial purposes, intending to profit from the unauthorized exploitation of Plaintiff's work. By altering and selling the Book without Plaintiff's permission, Defendant unlawfully reaped financial benefits from Plaintiff's intellectual property.

70. As a result of Defendant's actions described above, Plaintiff has been damaged by the unauthorized reproduction, publication, distribution, public display, creation of derivative works, and sale of portions of the Book.

71. Defendant has never accounted for or otherwise paid Plaintiff for its use of these portions of the Book.

72. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

73. On September 17, 2024, Plaintiff, via counsel, served a Cease-and-Desist Letter seeking to address the complaints contained herein concerning Defendant's Infringement of Plaintiff's rights-protected work. ***See* Exhibit 11.**

74. Defendant failed to respond, and Plaintiff is forced to seek judicial intervention for Defendant's infringing activity.

75. Despite being notified of its infringing activity, Defendant continues to infringe Plaintiff's work, further establishing the willful nature of its conduct.

## VI. CAUSES OF ACTION

### Claim 1: Copyright Infringement under 17 U.S.C. § 501 (Willful Infringement)

76. Plaintiff repeats and realleges paragraphs 1 through 75 hereof, as if fully set forth herein.

77. The Book is an original, creative work in which Plaintiff owns a valid copyright.

78. The Book is properly registered with the United States Copyright Office ("USCO") under Registration No. TX0009432125, and Plaintiff has complied with all statutory formalities under the Copyright Act and the regulations published by the USCO.

79. Plaintiff has not granted Defendant a license and/or the right to use, modify, or distribute the Book in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

80. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. § 106, Defendant has improperly and illegally:

    (a) Copied, reproduced, and distributed the Book;

    (b) Modified and created an unauthorized derivative work based on the Book by altering its original content; and

    (c) Continued to publicly display and sell the altered version of the Book through online platforms such as Amazon.

81. Defendant's unauthorized alteration of the Book constitutes infringement of Plaintiff's exclusive right to prepare derivative works under 17 U.S.C. § 106(2), in addition to its

infringement of Plaintiff's right to reproduce and distribute the Book under 17 U.S.C. § 106(1) and (3).

82. Defendant's infringement was and continues to be willful, intentional, and in reckless disregard of Plaintiff's rights. Despite receiving a cease-and-desist letter from Plaintiff, notifying Defendant of its infringing activities, Defendant has continued to reproduce, modify, distribute, and sell the Book without authorization.

83. Defendant has profited from its unauthorized use of Plaintiff's Book, and has used online platforms, including Amazon, to commercially exploit Plaintiff's Copyrighted Work, further evidencing the willful and intentional nature of the infringement.

84. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b), in an amount to be proven.

85. As a result of Defendant's violations of Title 17 of the U.S. Code, the Court, in its discretion, may allow the recovery of full costs as well as reasonable attorney's fees and costs from Defendant pursuant to 17 U.S.C. § 505.

86. As a result, Plaintiff is entitled to preliminary and permanent injunction pursuant to 17 U.S.C. § 502, prohibiting Defendant from further infringing Plaintiff's copyrights, including but not limited to the further reproduction, alteration, distribution, public display, or sale of infringing copies of the Book, or any derivative works based on the Book.

### Claim 2: Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

87. Plaintiff repeats and realleges paragraphs 1 through 86 hereof, as if fully set forth herein.

88. Plaintiff is a professional known for his achievements as an astronaut candidate, test pilot, oldest person to travel to space, sculptor, historian, and author, with a protectable interest in his name, likeness, and identity which are associated with his professional reputation and personal brand.

89. Defendant, without permission, misappropriated Plaintiff's likeness, name, and persona by falsely presenting the unauthorized and altered versions of Plaintiff's Book as authentic editions associated with, or endorsed by, Plaintiff.

90. In selling and distributing unauthorized copies of the Book that closely resemble the authentic edition, Defendant is misleading consumers into believing that the infringing book was authored, published, or otherwise endorsed by Plaintiff, falsely associating Plaintiff's identity with Defendant's product and commercial activities.

91. Defendant's actions, including the unauthorized use of Plaintiff's name and image on the cover, as well as the incorporation of highly personal elements—such as unauthorized images of Plaintiff and his family, a forged signature from a dedicated copy, and an unauthorized magazine article from 1965 featuring Plaintiff's family—constitute false representations that mislead consumers about the origin and sponsorship of Defendant's product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

92. By including these unauthorized elements in the infringing editions, Defendant is falsely implying Plaintiff's endorsement, authorship, and approval of the altered works, creating confusion among consumers and misleading the public into believing that Plaintiff is affiliated with or has approved Defendant's altered version of the Book.

93. Defendant's actions constitute false designation of origin and false endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by misappropriating Plaintiff's name, likeness, and professional identity for commercial gain and falsely attributing the infringing Book as Plaintiff's authentic work.

94. Defendant's conduct has caused, and is likely to continue causing, confusion among consumers, deceiving them into believing that the infringing editions are Plaintiff's original work. This misrepresentation harms Plaintiff's professional reputation and dilutes the value of his brand.

95. By willfully and deceptively capitalizing on Plaintiff's identity, Defendant has unjustly benefited, profiting from Plaintiff's name, persona, and work without authorization. This conduct has deprived Plaintiff of control over his brand, reputation, and creative work, causing him significant harm.

96. As a direct and proximate result of Defendant's false and misleading representations, Plaintiff has sustained damages, including harm to his reputation, loss of potential economic opportunities, and deprivation of control over his intellectual property and identity.

97. Defendant has also caused direct and proximate harm to Plaintiff by its unauthorized use of Plaintiff's image, likeness, and identity without compensation, entitling Plaintiff to recover the actual and fair market value of each misappropriated use of his image and likeness, in an amount to be established by proof at trial.

98. As a further direct and proximate result of Defendant's conduct as alleged herein, Defendant has earned and withheld profits directly or indirectly attributable to the unlawful use

of Plaintiff's image, entitling Plaintiff to disgorgement of those ill-gotten gains, in an amount to be established by proof at trial.

99. Defendant's conduct was willful as Defendant knowingly violated Plaintiff's rights solely to benefit its business, increase profits, and avoid compensating Plaintiff for the lawful right to use his image commercially. Consequently, exceptional relief is warranted pursuant to 15 U.S.C. §§ 1116 and 1117(a), entitling Plaintiff to treble damages and reasonable attorneys' fees.

## VII.   PRAYER FOR RELIEF

Plaintiff requests that this Court enter a judgment finding that Defendant has infringed Plaintiff's valid copyright in violation of 17 U.S.C. § 501 *et seq*. and further finding Defendant has misappropriated Plaintiff's name, image, and likeness in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

Therefore, Plaintiff requests that this Court award damages and injunctive relief as follows:

a. an order for an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales and any other exploitation of the Copyrighted Works, and any products, works, or other materials that include, copy, are derived from, or otherwise embodying the Copyrighted Works;

b. for an award of actual monetary damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven;

15

c. injunctive relief for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from: i) manufacturing, distributing, marketing, advertising, promoting, displaying, performing, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, perform, or sell the Copyrighted Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work; and ii) aiding, assisting, or abetting any other individual or entity in doing any such prohibited act. from any infringing use of any of Plaintiff's works;

d. an order instructing Defendant to deliver up all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies of the Copyrighted Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

e. an order instructing Defendant, at its own expense, to ensure that all remaining copies of the Copyrighted Works at any distributors, retailers, vendors, or others that have distributed the Copyrighted Works on Defendant's behalf remain available for sale. Plaintiff requests that all proceeds from the sale of these remaining books, regardless of the seller, be provided to Plaintiff, with Plaintiff receiving 100% of the proceeds.

Defendant is further ordered to destroy or deliver up for destruction all remaining or unauthorized materials returned to them;

f.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

g.  all damages allowed by 15 U.S.C. §§ 1125, 1116, and 1117, including actual and consequential damages sustained by Plaintiff, including all economic losses, disgorgement of profits attributable to Defendant's misappropriation of the Plaintiff's image and likeness, and well as treble damages and reasonable attorney's fees and costs;

h.  for pre-judgment interest as permitted by law; and

i.  for any other relief the Court deems just and proper.

## VIII.  JURY DEMAND

100.  Plaintiff demands a jury trial on all issues so triable.

DATED this 6th day of November 2024.

                                              Respectfully submitted,

STUDIOIP LAW, LLC
By:     /s/  Jessie L. Pellant

**Jessie L. Pellant**
Colorado Attorney Reg. No. 42096
jpellant@studioiplaw.com
**Timothy M. Sullivan**
Minnesota Attorney Reg. No. 0391528
tsullivan@studioiplaw.com
**Larissa M. Goodman**
Colorado Attorney Reg. No. 55222
lgoodman@studioiplaw.com

3000 Lawrence Street
Denver, CO 80205

*Attorneys for Plaintiff*

Edward Dwight

18